**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANTHONY CARBAJAL,

Petitioner,

v. Case No. 22-cv-349 MV-SCY

DAVID BREWER, *Warden*, *et al*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Anthony Carbajal's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 6) ("Amended Petition"). Petitioner challenges the execution of his federal sentence, and in particular, the failure to apply credit for five concurrent California state sentences. *See* Doc. 6 at 6. The Amended Petition clarifies that Petitioner is attacking how his "sentence is being carried out, calculated, or credited by prison … authorities." *Id.* at 1. The Amended Petition is "not attack[ing] the federal sentence" itself or raising 28 U.S.C. § 2255 claims. *Id.* at 4.

When a "habeas petition[] challeng[es] present physical confinement [under 28 U.S.C § 2241], jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). *See also Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence … must be filed in the district where the prisoner is confined"); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."). Petitioner is confined at FCI Herlong in California, and he names Warden David Brewer and the United States as Respondents. *Id.* at 1. FCI Herlong is

located in Lassen County, California, within the jurisdiction of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b) ("The Eastern District [includes] … Lassen"); https://www.bop.gov/locations/institutions/her/. The Amended Petition must therefore be resolved in that Federal Court.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper. *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*). To determine whether a transfer is in the interest of justice, courts consider "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). *See also Faulkenburg v. Weir,* 350 F. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer). The claims are not time-barred; "there is no statute of limitations for petitions invoking § 2241." *Craig v. United States*, 844 F. App'x 96 (10th Cir. 2021). The claims also appear to have merit. Prison officials allege that Petitioner's federal sentence only runs concurrently with two California state cases, but his federal Judgment lists five case numbers. *See* Doc. 62 in 15-cr-203 JAP ("said [federal] term will run concurrently to the sentences imposed in California state case numbers SF018620 and SF018785 and 2014025465 and 2013039306 and 2014032205"). While Petitioner inadvertently filed his case in the sentencing court, rather than the district of confinement, he appears to have filed this case in good faith.

For these reasons, a transfer is in the interest of justice. The Court will transfer this case

to the United States District Court for the Eastern District of California. The Court will direct the Clerk's Office to mail a copy of Petitioner's federal criminal Judgment, Doc. 62 in 15-cr-203 JAP, to Petitioner and to the California Federal Court for inclusion in the § 2241 record.

**IT IS ORDERED** that the Clerk of Court shall **TRANSFER** this § 2241 proceeding (Case No. 22-cv-349 MV-SCY) to the United States District Court for the Eastern District of California and **CLOSE** this civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall include Petitioner's federal criminal Judgment, Doc. 62 in 15-cr-203 JAP, in the transfer package to the United States District Court for the Eastern District of California and mail a copy of that Judgment to Petitioner at his address of record.

HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE