IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY CARBAJAL,

   Petitioner,

v.                                                                 Case No. 22-cv-349 MV-SCY

DAVID BREWER, *Warden*, *et al*,

   Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Anthony Carbajal's post-closure Letter-Motion Requesting Clarification (Doc. 10) ("Letter-Motion"). Petitioner is incarcerated and proceeding *pro se*. He filed an Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on June 21, 2022. *See* Doc. 6 ("Amended Petition"). The Amended Petition challenges the execution of his federal sentence, and in particular, the failure to apply credit for five concurrent California state sentences. *See* Doc. 6 at 6. The Amended Petition clarifies that Petitioner is attacking how his "sentence is being carried out, calculated, or credited by prison … authorities" and is "not attack[ing] the federal sentence" itself or raising 28 U.S.C. § 2255 claims. *Id.* at 4.

By a Memorandum Opinion and Order entered August 29, 2022, the Court explained that when a "habeas petition[] challeng[es] present physical confinement [under 28 U.S.C § 2241], jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). *See also Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence … must be filed in the district where the prisoner is confined"); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district

where the prisoner is confined."). At the time, Petitioner was confined at FCI Herlong in Lassen County, California. See Doc. 6 at 1. The Court transferred the Amended Petition to the United States District Court for the Eastern District of California. See 28 U.S.C. § 84(b) ("The Eastern District [includes] … Lassen" County).

In the instant Letter-Motion, Petitioner explains that he recently moved to USP Lewisburg in Union County, Pennsylvania. See Doc. 10; https://www.bop.gov/inmateloc/. He states that he has not received correspondence regarding his § 2241 petition and that prison officials continue to miscalculate his sentence. Petitioner seeks an immediate release from custody based on the recalculated sentence. This Court lacks jurisdiction to order Petitioner's release on that ground, as noted above. The Court will therefore deny the Letter-Motion, to the extent Petitioner seeks substantive relief, but grant relief to the extent Petitioner seeks a further explanation.

To ensure consideration of the claims in the correct judicial district, Petitioner's best course of action is to file a new or amended § 2241 in the United States District Court for the Middle District of Pennsylvania, where he is currently confined. See 28 U.S.C. § 118(b) (The Middle District of Pennsylvania includes Union County.). The Clerk's Office will mail Petitioner a blank § 2241 petition for that purpose. The Clerk's Office will also mail Petitioner a copy of his federal criminal Judgment, Doc. 62 in 15-cr-203 JAP, which can be attached to his new/amended § 2241 Petition in Pennsylvania. Petitioner should mail all completed forms to the United States District Court for the Middle District of Pennsylvania at the following address:

    U.S. District Court
    Middle District of Pennsylvania
    PO Box 1148
    235 N. Washington Avenue
    Scranton, PA 18501-1148

**IT IS ORDERED** that Petitioner Anthony Carbajal's Letter-Motion Requesting Clarification (**Doc. 10**) is **DENIED in part**, and **GRANTED, in part**, as set forth above.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a blank § 2241 form and a copy of Petitioner's federal criminal Judgment, Doc. 62 in 15-cr-203 JAP.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE